UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MICHAEL JOHN MODENA,

        Petitioner,

v.

UNITED STATES OF AMERICA,
Warden CARAWAY, and
BUREAU OF PRISONS DULUTH
FEDERAL PRISON CAMP,

        Respondents.

Civil No. 05-2358 (ADM/JSM)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Petitioner's habeas corpus petition be construed to be a motion for relief under 28 U.S.C. § 2255, and that this matter be transferred to the United States District Court for the Western District of Michigan.

**I. BACKGROUND**

Petitioner is a prisoner at the Federal Prison Camp in Duluth, Minnesota. According to his petition, he was sentenced to five years in federal prison in November 2000, after being convicted of tax evasion in the United States District Court for the Western District of Michigan. His sentence also included a three-year term of supervised released. With the application of good time credit, Petitioner had fully served his original prison term as of November 12, 2004. He was released from prison on that date, and then began his term of supervised release.

On June 25, 2005, Petitioner was arrested for violating the conditions of his

supervised release.  On July 22, 2005, the District Court for the Western District of Michigan revoked his supervised release, and "ordered (24) months to be served; vacating any further supervised release time." (Petition, [Docket No. 1], p. 2.) He was then returned to federal prison.

Petitioner now claims that he should not have been sent back to prison, and he is asking to be released from custody immediately.  It is not clear whether Petitioner believes that his original sentence from November 2000 should not have included any term of supervised release, or whether he believes that the trial court erred by revoking his supervised release in July 2005.  It is clear, however, that Petitioner believes the trial court committed some type of sentencing error.  Petitioner alleges that "the sentence <u>was imposed</u> in excess of the maximum authorized by law," (Petition, p. 1, [emphasis added]), that "the U.S. Congress did not confer statute [sic] authority for the service of any punitive time beyond the maximum," (<u>id</u>., p. 2), and that "<u>U.S.D.C., W.D. Mich. has violated</u> the Petitioner's 8th amendment protections against cruet and unusual punishment, and excessive time," (<u>id</u>.; [emphasis added]).  All of these contentions clearly indicate that Petitioner believes <u>the trial court</u> committed a sentencing error.

For the reasons discussed below, the Court finds that Petitioner cannot challenge his sentence in a habeas corpus petition brought under 28 U.S.C. § 2241.  Petitioner's current claims for relief can be raised only in a motion brought before the original trial court pursuant to 28 U.S.C. § 2255.

## II.  DISCUSSION

The fifth paragraph of 28 U.S.C. § 2255 provides that

"[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., 28 U.S.C. § 2255], <u>shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him</u>, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." (Emphasis added.)

As this statute clearly indicates, a federal prisoner normally can raise a collateral challenge to the validity of his conviction or sentence only by bringing a § 2255 motion in the court in which he was convicted.  See Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) ("[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241").  No court other than the original trial court has jurisdiction to hear a post-conviction challenge to a prisoner's conviction or sentence, unless the prisoner has affirmatively demonstrated that the remedy provided by section 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'"  DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986)(per curiam), quoting 28 U.S.C. section 2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(per curiam).

In this case, it is obvious that Petitioner is challenging the trial court's sentencing rulings.  He is not claiming that the Bureau of Prisons has misconstrued his sentence, or that his sentence is not being properly executed, implemented or enforced.  Instead, Petitioner is claiming that the trial court acted in a manner not authorized by federal law. Because Petitioner is challenging the actions of the trial court, his current claims for relief

3

can be raised only in a § 2255 motion brought before that court.  See Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir.2002) (a federal inmate "may attack the execution of his sentence through § 2241 in the district where he is incarcerated; a challenge to the validity of the sentence itself must be brought under § 2255 in the district of the sentencing court").

Petitioner cannot challenge the trial court's sentencing rulings in a § 2241 habeas corpus petition unless he can show that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention."  Petitioner has made no effort to show that a § 2255 motion would be "inadequate or ineffective," and the Court cannot independently discern any valid reason why he should not be required to pursue that remedy.[1]  Thus, the Court concludes that habeas corpus relief is not available under § 2241 for Petitioner's current claims.

---

[1] The Court recognizes, of course, that Petitioner may, in fact, be barred from pursuing a motion for relief under § 2255 for one or more reasons. If, for example, he has already filed a § 2255 motion, he may be barred from filing another such motion without pre-approval from the Sixth Circuit Court of Appeals.  28 U.S.C. § 2255 [¶ 8].  His claims might also be barred by the rules governing procedural defaults, (see United States v. Frady, 456 U.S. 152, 164-65 (1982)), or by the one-year statute of limitations that applies to § 2255 motions, (see 28 U.S.C. § 2255 [¶ 6]).  However, even if Petitioner is ineligible for relief under § 2255 for any of these reasons, he still could not claim that § 2255 has become an "inadequate or ineffective remedy," and that he should therefore be allowed to seek habeas corpus relief under § 2241.  See  United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (§ 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire") (citations omitted); see also Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition").

Although this action could properly be dismissed without prejudice for lack of jurisdiction, (Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966) (per curiam)), the Court has determined that the interests of justice would be better served by transferring this case to the only district that might properly be able to entertain Petitioner's current claims -- namely the Western District of Michigan. See 28 U.S.C. §§ 1406(a) and 1631. It will therefore be recommended that the instant petition be construed to be a motion for relief filed under 28 U.S.C. § 2255, and transferred to the trial court in the Western District of Michigan. See Castro v. United States, 540 U.S. 375, 381-82 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.... [Citations omitted.] They may do so in order to avoid an unnecessary dismissal,... to avoid inappropriately stringent application of formal labeling requirements... [citation omitted], or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis.").

The Court recognizes that the instant habeas corpus petition cannot properly be construed to be a § 2255 motion unless two pre-conditions are met. Morales v. United States, 304 F.3d 764, 767 (8th Cir. 2002).[2] First, Petitioner must be warned – and he hereby is warned – that federal law imposes substantial restrictions on the filing of "second or successive" § 2255 motions, and he must therefore include all of his collateral claims in a single application for post-conviction relief. If Petitioner has not included all of his grounds for relief in his current petition, he may want to consider withdrawing or amending

---

[2] See also Castro, 540 U.S. at 382-83.

his Petition, so that he does not lose any of his claims under the rules governing successive § 2255 motions. Id. He should also be mindful of the statute of limitations that applies to § 2255 motions. Id.

Secondly, Petitioner must be given "an opportunity either to consent to the reclassification or to withdraw his motion." Id. If Petitioner wishes to take advantage of this opportunity mandated by Morales, and withdraw his current Petition, he must do so, in writing, before the expiration of the deadline for filing objections to this Report and Recommendation.[3]

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be construed to be a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255; and

2. The Clerk of Court should be directed to transfer this action to the Western District of Michigan pursuant to 28 U.S.C. §§ 1406(a) and 1631.

Dated: October 13, 2005

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

---

[3] It may be advisable for Petitioner to withdraw his current petition, and then file a new application for relief under § 2255 in the trial court in the Western District of Michigan. Following that course would give Petitioner an opportunity to clarify and amplify his claims. It would benefit him to do that, as his current explanation of his claims leaves much to be desired.

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by October 31, 2005, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.