# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Michael John Modena,

                Petitioner,

      v.

United States of America, Warden
Caraway, and Federal Bureau of
Prisons (BOP) Duluth Federal Prison Camp,

           Respondents.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 05-2358 ADM/JSM

_____

Michael John Modena, *pro se.*

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Petitioner

Michael John Modena's ("Petitioner") Objections [Docket No. 6] to Magistrate Judge Janie S.

Mayeron's Report and Recommendation ("R&R") [Docket No. 5] recommending Petitioner's

Petition for Writ of Habeas Corpus [Docket Nos. 1-2] under 28 U.S.C. § 2241 be construed as a

motion under 28 U.S.C. § 2255 and transferred to the Western District of Michigan.

According to the Petitioner, on November 22, 2000 he was sentenced for tax evasion in

federal court in the Western District of Michigan to a term of sixty months and three years

supervised release.  He was released in November 2004 after a good conduct time reduction and

was arrested in June 2005 for supervised release violations.  On July 22, 2005, his supervised

release was revoked and he was sentenced to twenty-four months to be served in lieu of his

remaining supervised release time.  The Petitioner is now a prisoner at the Federal Prison Camp

in Duluth, Minnesota.  Pet. at 1-2.[1]  He asserts that since the statutory maximum for the federal

statutes under which he was sentenced provide for imprisonment of "not more than five years,"

his current imprisonment is illegal and should be vacated.  Id.

     The Petitioner's Petition seeks habeas corpus relief under 28 U.S.C. § 2241.  The R&R

construes Petitioner's Petition for Writ of Habeas Corpus as a motion properly brought under 28

U.S.C. § 2255 to vacate his conviction and sentence.  R&R at 5-6.  Accordingly, Judge Mayeron

recommends transfer to the Western District of Michigan as the proper court to consider such a

motion.  Id.  The Petitioner objects to his Motion being construed as a § 2255 motion and insists

it must be considered under § 2241.  Objections at 1-2.  For the reasons set forth below, the

Objections are denied and the R&R is adopted in part.

## II. DISCUSSION

     The district court must undertake an independent, *de novo*, review of those portions of a

R&R to which objection is made and "may accept, reject, or modify the recommended decision."

28 U.S.C. § 636(b)(1)(B); see also D. Minn. LR 72.2(b).

### A.    Motion under § 2241 Fails on Procedural Grounds

     A prisoner can maintain a collateral challenge to his conviction or sentence only by filing

a motion with the trial court pursuant to 28 U.S.C. § 2255.  Hill v. Morrison, 349 F.3d 1089,

1091 (8th Cir. 2003).  It is well-settled that a prisoner may not collaterally challenge a federal

conviction or sentence with a § 2241 habeas petition.  Id. at 1091.  The only exception is found

in the "savings clause" of § 2255, which allows a § 2241 motion to be heard by a court of the

---

[1] These background facts have not been independently verified, and it is assumed for
purposes of this Order that they are as stated.  Other factual and procedural background in this
matter is set forth in the R&R and is incorporated by reference.

district of incarceration if the remedy under § 2255 is "inadequate or ineffective" to test the legality of the detention.  Hill, 349 F.3d at 1091, quoting 28 U.S.C. § 2255.  The prisoner has the burden of demonstrating that the remedy is inadequate or ineffective.  Hill, 349 F.3d at 1091.  Unless that exception applies, only the sentencing court has jurisdiction to hear a petitioner's post-conviction challenge to his conviction or sentence.  DiSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255.[2]

In the instant case, Petitioner is collaterally attacking the federal criminal sentencing of the trial court.  The Petitioner insists that his Petition falls under § 2241 rather than § 2255 because it is "not a post conviction challenge to the original sentence" but a "Petition for relief . . . on the Revocation sentence which incarcerates this Petitioner beyond the maximum time in statute(s) of Conviction." Objections at 2.  It appears that the Petitioner is drawing a distinction between his original sentence and his return to prison after violating the conditions of his supervised release.  However, even if construed as two separate sentences, which is dubious, either would properly be challenged by a § 2255 motion as a sentencing error by the trial court.

Therefore, Petitioner must bring a § 2255 motion before the sentencing court unless he can demonstrate that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255.  Petitioner has not shown, and this Court is not aware of, any valid reason why a § 2255 motion would be inadequate or ineffective in this instance.  R&R at 4.  As Judge Mayeron correctly notes, procedural issues which could preclude a § 2255 motion in the proper court are not considered valid reasons.  Id.; Hill, 349 F.3d at 1091.

---

[2] A petition under § 2241, in contrast to a motion under § 2255, is properly brought in the district where the prisoner is incarcerated.  Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002).  Petitioner filed this Petition with this Court because he is imprisoned at the Federal Prison Camp in Duluth, Minnesota.

Therefore, Judge Mayeron's recommendation that habeas corpus relief under § 2241 is not available to the Petitioner is adopted.

**B.      Construing the Petition as a § 2255 Motion is Inappropriate**

Judge Mayeron construed Petitioner's petition as a § 2255 motion and recommended it be transferred to the Western District of Michigan as the proper jurisdiction.  Indeed, in certain limited instances a § 2241 petition may be converted to a § 2255 motion and transferred to the sentencing court.  Castro v. United States, 540 U.S. 375, 381 (2003); Morales v. United States, 304 F.3d 764, 765 (8th Cir. 2002).  However, construing Petitioner's Petition as a § 2255 motion and transferring it to the Western District of Michigan is not appropriate here.

First, Petitioner cannot file a second or successive § 2255 motion without pre-authorization from the Court of Appeals for the Circuit in which the trial court is located.  28 U.S.C. §§ 2244(b)(3) and 2255.  Petitioner implies in his Objections that he has already filed and perhaps appealed denials of relief under § 2255 in the Western District of Michigan.  Objections at 1 ("[t]he 3rd 28 USC § 2255 is on file as Case: 05-1885 in the 6th Cir [sic] Court currently."). If this is the case, a § 2255 motion may be improperly before the Western District of Michigan if transferred there by this Court.  In addition, if Petitioner's appeal of his conviction and sentence is currently pending in the Sixth Circuit Court of Appeals, Petitioner may still receive the relief he seeks on appeal.

Second, the Magistrate Judge explicitly warned the Petitioner of the rule against successive § 2255 motions and invited the Petitioner to amend or withdraw his Petition, as required by Morales v. United States.  304 F.3d at 767; R&R at 5-6.  Since a prisoner only has one opportunity to file a § 2255 motion, the Morales rule allows a prisoner to preserve his

4

opportunity to state all his post-conviction claims.  Id.  In spite of Judge Mayeron's warning to

consent to the reclassification or withdraw his Petition, Petitioner refused to do either, stating

that "[t]he Petitioner does not consent to the reclassification of his Petition for Writ of Habeas"

and "[a] USC § 2255 motion is not appropriate."  Objections at 2 (emphasis in original).

Therefore, this Court will not construe the Petition as a § 2255 motion over the Petitioner's

explicit objections, and instead treats it as a § 2241 petition.[3]  As stated previously, Petitioner's

Petition fails under § 2241 because § 2241 does not provide him with the ability to collaterally

attack his sentence.

---

[3] Today's order leaves open the opportunity for Petitioner to file a § 2255 motion which would include all of his post-conviction claims with the Western District of Michigan if that remedy remains available to him.  Denying the instant Petition and declining to transfer it will best preserve both the rights of the Petitioner and the independent authority of the sentencing court.

### III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1. Judge Mayeron's R&R [Docket No. 5] is **ADOPTED** in part;

2. Petitioner's Objections [Docket No. 6] are **DENIED**; and

3. Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  November 21, 2005.